**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **AMBER MEEKS,**   )<br>                                )<br>            **Plaintiff,**   )<br>                                )<br>    v.                         )<br>                                )<br>**FIRST ADVANTAGE BACKGROUND** )<br>**SERVICES CORPORATION,**   )<br>                                )<br>            **Defendant.**   ) | **4:18-cv-01415**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the plaintiff, AMBER MEEKS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against FIRST ADVANTAGE BACKGROUND REPORTING CORPORATION, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. AMBER MEEKS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Saint Louis, County of Saint Louis, State of Missouri.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. FIRST ADVANTAGE BACKGROUND REPORTING CORPORATION, (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third-parties.

7. Defendant is registered as a corporation in the State of Missouri and has its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

12. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

13. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

14. On or about December 13, 2017, Plaintiff applied to U.S. Bank, N.A. for a position of employment.

15. As part of its employment application process, U.S. Bank, N.A. requires potential employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

16. On or about December 27, 2017, U.S. Bank, N.A., advised Plaintiff it would be performing a background check on Plaintiff.

17. On or about December 28, 2017, U.S. Bank, N.A., communicated to Plaintiff an offer of employment conditioned on Plaintiff passing a background check.

18. On or about December 28, 2017, in conducting a background check on Plaintiff, U.S. Bank, N.A., obtained from Defendant a consumer report, as that term is defined by 15 U.S.C. § 1681a(d), regarding Plaintiff.

19. On January 22, 2018, U.S. Bank, N.A. sent Plaintiff a correspondence in which it apprised Plaintiff that she did not pass the background check.

20. On or about May 17, 2018, Plaintiff contacted Defendant to request a copy of the information in her file.

21. On or about May 17, 2018, Defendant provided Plaintiff with what it claimed to be the information in her file, along with a separate form to complete in order to obtain a copy of a "fingerprint report."

22. The information that Defendant provided to Plaintiff contained no negative or potentially disqualifying information, aside from a single notation that "the overall case score is ineligible."

23. In the aforementioned form that Defendant requested Plaintiff complete in order to obtain a "fingerprint report", Defendant requested Plaintiff's full name, address, date of birth,

social security number, home telephone number, alternate telephone number, and a copy of Plaintiff's photo ID.

24. At the time Defendant requested Plaintiff complete the aforementioned form in order to obtain the "fingerprint report", Defendant had already provided Plaintiff with some of the information in her file.

25. At the time Defendant sent Plaintiff the aforementioned form, Defendant had already provided Plaintiff with one report that contained sensitive identifying information regarding Plaintiff.

26. Upon information and belief, Defendant had already verified Plaintiff's identity before it requested that Plaintiff complete the aforementioned form.

27. Plaintiff, under the belief that Defendant had provided her with a copy of the information in her file as it had claimed to have done and unaware that what Defendant referred to as a "fingerprint report" was in fact additional information in her file, did not submit the aforementioned form to Defendant.

28. To date Defendant has failed to provide Plaintiff with a copy of all of the information in her file.

29. Had Defendant provided Plaintiff with all of the information in her file, Plaintiff would have received the complete information used by U.S. Bank when it denied Plaintiff's application for employment because Plaintiff "did not pass the background check."

30. Had Defendant provided Plaintiff with all of the information in her file, Plaintiff would have seen what disqualifying information appeared in her background check and would have been permitted to address any inaccuracies.

31. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to provide Plaintiff with a copy of all of the information contained in her file as required by the FCRA.

32. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

33. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in gross disregard for the rights of Plaintiff.

34. Pursuant to 15 U.S.C. §1681g, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. Failing to disclose, upon the consumer's request, all of the information in the consumer's file at the time of the request, in violation of 15 U.S.C. §1681g(a).

35. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### V. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMBER MEEKS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Punitive damages;

      d.      Plaintiff's attorneys' fees and costs; and,

      e.      Any other relief deemed appropriate by this Honorable Court.

      Respectfully submitted,
**AMBER MEEKS**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: August 24, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com